UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANTHONY PRATT,

    Petitioner,

        v.                           Case No. 03-C-0940

MATTHEW J. FRANK,

    Respondent.

DECISION AND ORDER
DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO COMPEL
THE U.S. MARSHALS OR THE WAUPUN CORRECTIONAL INSTITUTION TO
PRODUCE PETITIONER'S CASE FILE DOCUMENTS LEFT UPON THE
TRANSPORT(DOC. # 22), DENYING PETITIONER'S MOTION FOR TEMPORARY
INJUNCTION (DOC. 23), DENYING AS MOOT PETITIONER'S MOTION FOR
EXTENSION OF TIME (DO. # 24), GRANTING RESPONDENT'S MOTION TO
SUBSTITUTE MATTHEW J. FRANK AS RESPONDENT (DOC. # 26),
GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER
TO PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 27) , AND DENYING
PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS THATS [sic] BEEN LOST
OR DESTROYED AT 28 U.S.C. § 1734(A) (DOC. # 33)

On February 8, 2005, this court issued a corrected decision and order requiring respondent to file an answer on or before March 2, 2005. Afterward, the petitioner, Anthony Pratt, filed a Motion to Compel the U.S. Marshals or the Waupun Correctional Institution to Produce Petitioner's Case File Documents Left Upon Transport. Later, Pratt filed a Motion for Temporary Injunction seeking to prevent the destruction of legal documents, as well as a motion for extension of time to respond "to any court order." Additionally, respondent has filed a Motion to Substitute Matthew J. Frank as a Respondent and a Motion for Extension of Time to File Answer to Petition for Writ of Habeas Corpus. The answer was filed on March 30, 2005.

First, Pratt has been paroled to the physical custody of the United States Marshall to serve two federal convictions, and is serving his federal sentence in USP-McCreary. He asserts that no legal materials were allowed on the transport bus, including case files belonging to other inmates whom Pratt assisted prior to his transfer. In his most recent motion, Pratt claims that prison officials have informed him that all of his documents have been lost or destroyed.

Although Pratt seeks a motion for extension of time to respond to any orders, he has missed no deadlines. The court ordered an answer, and respondent was granted an extension of time to serve Pratt after he was transferred to federal custody.

Pratt acknowledges that he was served with a copy of the response. The response contains transcripts from the suppression motion, the transcript from the November 8, 1999, jury trial (morning), and November 9, 1999, jury trial (morning), November 10 jury trial (afternoon), as well as Pratt's appellate attorney's amended no-merit report, Pratt's response to his attorney's no-merit report, Pratt's supplemental response to his attorney's no-merit report, the slip opinion from the Wisconsin Court of Appeals, the order of the Wisconsin Court of Appeals denying Pratt's motion for clarification, Pratt's petition for review in the Wisconsin Supreme Court, and the Wisconsin Supreme Court's order denying petition for review.

Rule 5 of the Federal Rules Governing Section 2254 cases allows a petitioner to submit a reply to the answer within a time fixed by the judge. This court has not set a deadline for filing a reply. Moreover, it is not clear what additional documents Pratt needs to file a reply beyond those that are in his possession. Nevertheless, the court will require the respondent to state in writing whether Pratt's legal documents identified as nos. 1-20 in Petitioner's Motion for Extension of Time have been lost or destroyed. If the documents are

available, respondent shall forward all documents related to this case to Pratt. If the documents have been lost or destroyed, respondent shall provide Pratt with a copy of his petition, exhibits, motion to amend and attached exhibits. On the other hand, the court cannot enjoin or compel the production of documents that have been lost or destroyed.

Next, the substitution of the respondent is warranted by Pratt's transfer to the physical custody of the Federal Bureau of Prisons. However, he remains in custody under his Wisconsin conviction while on parole inasmuch as inmates paroled from Wisconsin institutions are under the control of the Department of Corrections. Wis. Stat. § 304.06(3). Matthew J. Frank is the Secretary of the Wisconsin Department of Corrections.

Now, therefore,

IT IS ORDERED that petitioner's Motion to Compel the U.S. Marshals or the Waupun Correctional Institution to Produce Petitioner's Case File Documents Left upon Transport is denied without prejudice.

IT IS FURTHER ORDERED that respondent shall state in writing on or before September 28, 2005, whether it can locate or otherwise has access to petitioner's legal documents stored at the Waupun Correctional Institution. Simultaneously, respondent shall provide to the petitioner his original case file; alternatively, if the documents have been lost or destroyed, respondent shall so state and serve petitioner with a copy of his petition, exhibits, and motion to amend with attached exhibits. Petitioner shall file any reply to the answer on or before October 25, 2005.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Injunction is denied.

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time is denied as moot.

IT IS FURTHER ORDERED that Respondent's Motion to Substitute Matthew J. Frank as a Respondent is granted.

IT IS FURTHER ORDERED that Respondent's Motion for Extension of Time to File Answer to Petition for Writ of Habeas Corpus is granted retroactive to March 2, 2005.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

4

Case 2:03-cv-00940-CNC   Filed 09/13/05   Page 4 of 4   Document 34