UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANTHONY PRATT,

        Petitioner,

        v.                                               Case No. 03-C-0940

STATE OF WISCONSIN,

        Respondent.

DECISION AND ORDER DENYING ANTHONY PRATT'S PETITION FOR WRIT OF HABEAS CORPUS, AND DISMISSING CASE

        This case comes before the court on Anthony Pratt's petition under 28 U.S.C. § 2254 for writ of habeas corpus. Pratt challenges his December 17, 1999, judgment of conviction in Milwaukee County Circuit Court on charges of forgery, eluding a traffic officer, and two counts of recklessly endangering safety. In his petition, Pratt identifies the following grounds for relief: (1) trial counsel failed to independently research the state's desire to use evidence of a dismissed charge to prove another count; (2) trial counsel did not "meaningfully advise her client prior to trial and at trial of the legal actuality of their case status in addition to the favorability of outstanding plea offer;" (3) trial counsel failed to review the discovery, police reports and inventories prior to trial; and (4) the trial court abused its discretion by interfering in the plea process and preventing him from entering a plea. Pratt was sentenced to an aggregate fifteen-year sentence, and has since been paroled from his state sentence to the physical custody of federal authorities to serve two additional sentences.

        Pratt appealed his 1999 conviction to the Wisconsin Court of Appeals. Appellate counsel filed an amended no-merit report pursuant to Wis. Stat. § 809.32(1) to

which Pratt filed multiple responses. (Record, Exs. B, C and D) The Wisconsin Court of Appeals concluded that further proceedings lacked arguable merit, but addressed each of the issues raised by Pratt. Pratt's petition for review was denied on August 13, 2003, by the Wisconsin Supreme Court .

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the court cannot grant habeas relief unless the state court's decision was (1) contrary to, or an unreasonable application of law clearly established by the Supreme or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d)(1-2)). Under the "unreasonable application" prong, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams v. Taylor,* 529 U.S. 362, 407, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow*, 398 F.3d at 602.

As Ground One in his petition, Pratt maintains that defense counsel failed to "independently research the issue of the state's desire to use the uncharged crime in count two to prove count one of the criminal complaint." It appears that Pratt is referring to the prosecutor's decision to introduce evidence of an additional forgery charge that was dismissed without prejudice on the morning of trial.[1] The prosecutor argued that the evidence was not other acts evidence, but rather a necessary factual context for the current charges:

---

[1]The prosecutor moved to dismiss Count One, the forgery by uttering with regard to Check Number 1300 drawn on the account of Lois Cramer and Nancy Bellaire in the amount of $310 from the Huntington national Bank of Toledo, Ohio.

2

> ... [W]hat transpired was that the defendant went to the downtown branch. He presented one check allegedly for deposit to an account and the second check, Check Number 1300, he wished to cash. Because it was over $300, the teller requested identification, which he did not have, so he indicated to the teller that that was not a problem; that he would just take that to another branch where they knew him so that he could cash it without identification. The check that he is alleged to have uttered is the one that was deposited into the account and that is the check that still remains before – on that forgery charge.
>
> The defendant then went to the other branch and attempted now to cash the out of state check. But because of the behavior of the defendant and the suspicions of the tellers that something was amiss in the first transaction, the second transaction caused more suspicion and that was why the police were contacted. The police then responded to the second location. That was when the ramming of the squad car occurred, the fleeing, the attempt to run over the officer- the bicycle officer – and the rest of the transaction that forms the basis for the other charges.
>
> I believe that it would be difficult to explain to the jury why it is that the police were called if they didn't know that there was a check that he had presented but had not cashed at the first location. And what was suspicious was the fact that he was then going from location to location to attempt to complete that transaction.
>
> So he's not charged with uttering that check, but since it is all part of the same transaction, that forms the basis for the probable cause to stop him which is why the fleeing occurred. The officers had probable cause to stop him because they believed that there was some sort of a fraud in progress. (Record, Ex. 33, pp. 14-16)

In his brief attached to the petition, Pratt attacks the use of this evidence on several levels. He argues that the evidence was inadmissible, cites *Bruton, Whitty*, and Rule 404(b) of the Federal Rules of Evidence, and asserts that the prosecutor misled the court by suggesting that it was not prejudicial. Also, Pratt contends that counsel was ineffective in failing to preclude the state from introducing the irrelevant and incompetent evidence.

Ordinarily, questions concerning the admissibility of evidence in state court are matters of state law that do not present federal questions cognizable in a federal habeas action. *Rice v. McCann*, 339 F.3d 546, 549 (7th Cir. 2003). To the extent that Pratt has raised a Sixth Amendment claim, this court finds that the decision of the Wisconsin Court of Appeals is neither contrary to nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Further, the state court decision is not unreasonable in light of the evidence. 28 U.S.C. § 2254(d).

The Wisconsin Court of Appeals identified the correct legal standard in discussing each of the ineffective assistance claims raised by Pratt. Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the lawyer's performance must have been so defective that he "was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and those errors must have prejudiced the defense. *Id.* at 687. "There is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (internal quotation marks omitted). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Id.*

The Wisconsin Court of Appeals rejected Pratt's argument that the trial court should not have admitted evidence of the dismissed forgery charge, and rejected the correlative ineffective assistance claim. The court held that the record undermines any assertion that defense counsel was deficient by merely preserving the record, and noted that defense counsel vigorously opposed the admission of such evidence.

4

Case 2:03-cv-00940-CNC   Filed 08/29/06   Page 4 of 9   Document 44

The Court of Appeals' decision was not an unreasonable application of the facts. Defense counsel objected repeatedly to the use of such evidence at trial and asserted several reasons that the evidence should be excluded. (R. 29, p. 13; R. 30, pp. 33, 104) She argued that any probative value is outweighed by the prejudicial effect "in the likelihood the jury would infer the defendant is predisposed to commit crimes and is predisposed to commit the crime charged in the complaint." Later, defense counsel "renewed [her] motion to bar the admission of the Lois Cramer check, number 1300, for $310" as highly prejudicial to her client because the count was dismissed and it is irrelevant to the case charged. (R. 30, p. 33) In his brief, Pratt admits that "trial counsel mandated her objections" but the trial court allowed the "prejudicial evidence to be used." While Pratt disagrees with the use of the Lois Cramer check as evidence, counsel's performance was not deficient.[2]

Regarding the second ground for relief, Pratt argues that defense counsel never informed him of a police videotape or photographs until after the trial had commenced and he had rejected the prosecution's plea agreement. A videotape was taken by police during part of the chase supporting eluding and reckless endangerment charges, and the photographs showed vehicular damage. Although defense counsel requested such evidence prior to trial, she neglected to view the evidence, which was identified on the inventories. The trial court refused to exclude the evidence, but granted defense counsel's request to review the videotape prior to swearing in the jury, and the photographs prior to the videotape. (R.

---

[2]Pratt claims that the jury was never told to ignore the uncharged crime of forgery in count one, but in opening arguments the prosecutor told the jury that "the defendant is not charged with [the dismissed] forgery or uttering of that check. That [evidence of the dismissed forgery] is simply to tell you what brought [Pratt] from one bank to the next bank and what alerted the bank officials.

5

31, pp. 3-11) Similarly, Pratt was given an opportunity to view the three-minute videotape, but informed the prosecution that he did not want to see all of it. (R. 31, pp. 12-13)

This evidence was not exculpatory, and defense counsel objected to the admission of both based on her timely discovery motions and as "unfair and undue surprise." (R. 31, pp. 2-11) Counsel stated on the record that the parties were discussing an alternative resolution to the trial up until the point the jury pool came into the room (R. 31, p. 3), and the evidence was presented early in the trial allowing counsel adequate time to develop her defense strategy. Moreover, on this record it is difficult to argue that but for counsel's errors, the result of the proceeding would have been different. Before rejecting the plea and going to trial, it was apparent that the bank employees and police officers involved in the underlying events would be called to testify. Each of these individuals identified Pratt on the witness stand and testified at length regarding the offense conduct. Interestingly, Pratt raised the ineffective assistance allegations prior to sentencing, but adamantly opposed counsel's motion to withdraw. (R. 35 [Tr. from 12/14/99 Motion to Withdraw attached to Pratt's Petition])

Pratt's next argument is that defense counsel failed to advise him adequately regarding the plea. Without any evidence to support his allegations, Pratt claims that he would have accepted the prosecution's offer had he known of the videotape and photographs. He states that "had [counsel] taken the trouble to learn of the videotape and photographs, the probability of persuading Petitioner to accept the plea bargain would have matured from a reasonable probability to a very strong likelihood."

The Wisconsin Court of Appeals declined to facilitate further proceedings in the state courts on this issue because it determined that the argument lacked merit. The Court of Appeals referenced the letter from defense counsel indicating that Pratt was "only

6

interested in a plea agreement that would limit his total exposure to 7 years incarceration and would include dismissal of all charges that Mr. Pratt considered to be 'otherwise violent crimes, or aggravated felonies' under federal sentencing guidelines provisions." At the same time, the Court of Appeals advised that the failure to facilitate further proceedings did not preclude Pratt from commencing postconviction proceedings.

To demonstrate prejudice from the ineffective assistance of counsel, Pratt must show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, he would have accepted the prosecution's offer. *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998).

It is readily apparent from the brief supporting his petition that Pratt was aware of the plea negotiation process and of the maximum penalties he faced in this case and others. According to Pratt, he faced a combined potential incarceration of 84 years prior to trial.

> In Case No. 99-CF-004539, the information charged Petitioner with two counts of Forgery, one count of Fleeing, one count of Second Degree Recklessly Endangering Safety, and one count of First Degree Recklessly Endangering Safety. This equals a potential incarceration of twenty-nine years in prison. In addition, Petitioner was charged by way of information in Case No. 98-CF-2876 with two counts of Forgery, which would expose him to an additional twenty (20) years; totaling 49 years in state prison. Case No. 98-CF-2876 was schedule [sic] to be tried immediately after Case No. 99-CF-004539. In addition to the state charges, Petitioner was further exposed to thirty-five years. In Case No. 95-CR-143, in the Eastern District of Wisconsin, Petitioner was exposed to a indeterminate term of five (5) years imprisonment for his violation of supervised release, and soon after scheduled for trail in the Northern District of Ohio, based on the dismissed charge of Forgery in Case No. 99-CF-004539, for a violation of Title 18 U.S.C. § 1344, exposing Petitioner to an additional thirty (30) years, Totaling Thirty-five (35) years in federal prison.

Shortly before the trial began, one of the forgery charges and one of the cases was dismissed. Nevertheless, Pratt claims that he could have reduced his sentence to "a *possible* 11 years" (emphasis added). Nothing in this record supports Pratt's claim beyond his own conclusory assertions, and Pratt never asserts that counsel advised him to reject the plea.

In Pratt's own words, he viewed pleading prior to trial as a "reasonable probability" but was "bent upon following" his case to trial. The transcripts reveal that plea negotiations continued through the commencement of the trial and proceeded until the defense rested. Aware of the ongoing negotiations, the evidence, and the maximum penalties, Pratt cannot satisfy the requirements under *Strickland*. At sentencing, defense counsel requested an eleven-year sentence, and Pratt received an aggregate fifteen-year sentence with credit for time served. Without any objective evidence in the record and nothing more than the claim that his counsel could have been more persuasive, Pratt is not entitled to relief on this ground.

Finally, Pratt asserts that the trial court abused its discretion in "interfering with a plea" when commenting on the following exchange after the defense rested:

| | |
|---|---|
| Ms. Baker: | Your Honor, and before Ms. Parthum goes out, I discussed another issue with my client and tendered this to Ms. Parthum. My client is willing to enter a plea of guilty to the fleeing. I asked Ms. Parthum if she was going to allow this or waive the jury and she said no, but it's my client's desire to enter a plea of guilty to the fleeing. |
| Ms. Parthum: | That's correct, your Honor. I don't believe it is appropriate at this point for the defendant to enter a plea to the fleeing because I believe that that might be construed as foreclosing some of my arguments as to the fleeing since it's all part and parcel with the recklessly endangering safety. If the defendant would care to enter pleas to all the charges, I would be happy to discuss with Ms. Baker what I would recommend at this point. But anything other than |

8

| | |
|---|---|
| | a plea to all the charges at this point is not acceptable to the State. I would not accept a jury waiver as to the point. |
| The Court: | All right. I think the time for plea has long been past so there won't be any pleas taken at this point. The jury will make their decision in this matter. |

(R. 33, pp. 5-6)

The trial court interjected after defense counsel had already told the court that the prosecution was not interested in Pratt's proposed resolution, and there is no other evidence of "court interference" in the record. Regardless, whether a trial court abused its discretion is a state law claim not cognizable in federal habeas corpus law.

Now, therefore,

IT IS ORDERED that Anthony Pratt's petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge